2010-0207
POWERS KIRN, LLC
728 Marne Highway, Suite 200
Moorestown, NJ 08057
856-802-1000
Attorney for Wells Fargo Bank, N.A.
Attorney ID:  WP0186

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | : |
| Carol A. Marshall | : CASE NO. 13-27986-RG |
| Mitzy C. Marshall | : |
| | : CHAPTER: 13 |
| **Debtor(s)** | : |
| | : HEARING DATE: 10/16/2013   9:00 AM |
| | : |

**OBJECTION TO CONFIRMATION**

Carol A. Marshall                    Mitzy C. Marshall
198 Prospect Terrace                 198 Prospect Terrace
Teaneck NJ  07666                    Teaneck NJ  07666

Marie-Ann  Greenberg, Trustee        Walter Nealy, Esquire
30 Two Bridges Road, Suite 330       100 S. Van Brunt Street
Fairfield NJ  07004                  Englewood NJ  07631-3455

PLEASE TAKE NOTICE that Wells Fargo Bank, N.A., through its attorney hereby

objects to confirmation of the plan on grounds including:

1.   Debtors' plan materially under estimates the objecting creditor's claim.  A proof of

claim setting forth prepetition areas in the approximate amount of $147,000 and a

total indebtedness of approximately $439,000 shall be filed prior to the deadline for

claims.

2.   Debtors' plan fails to provide for the payment of  Wells Fargo Bank, N.A.'s secured

claim and retention of its lien pursuant to §§1325(a)(5)(B)(i) and (B)(ii).

Accordingly, the debtor's plan is unconfirmable pursuant to §1325(a)(1).

3.      Debtors' plan appears to be based upon an understated value that the debtor has assigned to the real estate. Debtors have not established any basis for the $260,000 valuation debtors have predicated their plan nor does debtors' plan reveal the basis by which they establish its valuation. Debtor's schedule "A" lists the property as valued at $260,000.

4.      Debtors' plan is proposed in bad faith inasmuch as the plan at Part 7 a. is motioning the court to avoid a claim secured by a security interest, specifically a first mortgage, pursuant to 11 U.S.C. §522(f), which section permits the avoidance of judicial liens that impair exemptions, and does not pertain to security interests. Additionally, the lien cannot be avoided to the extent of $260,000 under any circumstances where the debtors' plan and schedules admit that the property has a value of at least $260,000. Accordingly, the plan fails to comply with the confirmation requirements of 11 U.S.C. §1325(a)(1) and 11 U.S.C. §1325(a)(3).

5.      To the extent that the plan does not address the pre-petition arrears claim, the plan fails to satisfy the requirements for confirmation as interpreted by the controlling law of the circuit in the decision  *Sapos v. Provident Institution of Savings in the Town of Boston*, 967 F.2d 918 (3d Cir.1992). Under *Sapos*, the debtor's plan must cure pre-petition arrears plus payoff the remaining secured claim with interest during the five year term of the plan. Accordingly, the debtors' plan is proposed in violation of 11 U.S.C. §1325(a)(3) inasmuch as it is proposed by means forbidden by law.

6.      Debtor's plan violates 11 U.S.C. 1325 (a)(5)(B) by failing to provide interest on such

claim at an appropriate discount rate for the deferred payments under the plan so that the secured creditor receives the value of its claim as of the effective date of the plan. 11 U.S.C. §1325(a)(5)(B)(ii) requires the debtor to provide for the prime rate plus a premium to take into account the risk of the loan. *In Till v. SCS Credit Corp.* 541 U.S. 465, 124 S.Ct. 1951, 158 L.Ed. 787 (2004), the Supreme Court recognized that courts have approved a premium of 1% to 3% in addition to the prime rate. In this case where there is presumably an extended payout proposed and the debtor has no equity cushion, the premium should be in the 3% range to take into account that risk associated with repayment and the deferral accomplished. The prime rate is currently 3.25%, and therefore, the interest rate should be 6.25%. Accordingly, the debtor's plan is unconfirmable pursuant to §1325(a)(1).

7. The debtors' plan proposes funding of $616.00 per month for 36 months for a total debtor contribution of $22,1760.00. The debtors' budget shows net monthly income available to fund a plan of only $616.30, and therefore, the maximum debtor contribution is $36,978.00 assuming that plan is extended to 60 months. To the extent that the objecting creditor's claim exceeds the debtors' ability to repay the claim, the debtors' plan is infeasible. Consequently, the plan cannot satisfy the confirmation requirement of 11 U.S.C. §1325(a)(6).

8. In addition to the objections set forth herein, Wells Fargo Bank, N.A. hereby demands production of any appraisal or any expert reports upon which the debtor shall be relying, and requests the opportunity for entry upon lands and premises for interior inspection and appraisal purposes to defend any motion that debtor shall file in accordance therewith.

TAKE FURTHER NOTICE that the objecting creditor's attorneys shall be appearing at the

confirmation hearing(s) and requesting a counsel fee to prosecute its objections.

POWERS KIRN, LLC

/s/ William M. E. Powers III
BY: William M. E. Powers III

DATED: October 8, 2013