**FEIN, SUCH, KAHN & SHEPARD, PC**
Counsellors at Law
7 Century Drive - Suite 201
Parsippany, New Jersey 07054
(973) 538-9300
Attorneys for Secured Creditor
NICHOLAS V. ROGERS, ESQ. (NR-3921)
IB993

| | |
|---|---|
| IN RE:<br><br>CAROL A MARSHALL and<br>MITZY C MARSHALL,<br><br>     Debtor(s). | UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>Chapter 13<br><br>Case No. 13-27986 RG<br><br>**OBJECTION OF BAYVIEW LOAN SERVICING as servicer for BANK OF NEW YORK MELLON TO CONFIRMATION OF DEBTOR(S) PLAN**<br><br>Hearing Date: November 20, 2013 |

I, NICHOLAS V. ROGERS, ESQ., do hereby certify as follows:

1. I am an attorney at law of the State of New Jersey associated with the law firm of FEIN, SUCH, KAHN & SHEPARD, PC, attorneys for **BAYVIEW LOAN SERVICING as servicer for BANK OF NEW YORK MELLON**, ("Secured Creditor" herein), and I am fully familiar with the facts and circumstances of the within matter.

2. Secured Creditor objects to confirmation of Debtor(s) Plan for the reasons which follow:

>   (a)  Secured Creditor holds the first mortgage on Debtor(s) residence which is located at 198 PROSPECT TERRACE, TEANECK NJ 07666.  As of the date of the bankruptcy filing, Debtor(s) were in default on the terms of the Note and Mortgage.  Total arrears due to Secured Creditor through the Plan are approximately $169,878.13

and the total claim at the time of filing is approximately $522,500.13. The Proof of Claim will be filed with the Court prior to the December 23, 2013 bar date.

(b) Debtor(s) proposed Plan does not include any proposed treatment of Secured Creditor's claim.

(c) Debtor(s) proposed Plan provides for no payment of arrears to Secured Creditor. Debtor(s) proposed Plan is insufficient in that it understates the amount of Secured Creditor's arrears that are required to be cured through the Plan. Absent a modification by the Debtor(s) to include the correct amount of arrears, this Plan can not be confirmed.

(d) In reviewing Debtor(s) Schedules I and J it is apparent that the Debtor(s) do not have the additional income needed to fund the plan at the correct arrearage amount. Schedule J of Debtor(s) petition indicates Debtor(s) disposable income in the amount of $616.30. Debtor(s) plan proposes to pay $616.00 into the plan each month. There is not enough income from the Debtor(s) to support Debtor(s) Plan to pay the correct amount of arrears due to Secured Creditor. Therefore, Debtor(s) Plan should be rendered as not feasible.

(e) Furthermore, Secured Creditor objects to Debtor(s) confirmation in that if the Debtor(s) are post-petition

delinquent at confirmation and Debtor(s) case is dismissed then any excess funds that the Chapter 13 Trustee is holding should be released to the Secured Creditor. Absent the release of such excess funds in the possession of the Trustee, Secured Creditor is substantially harmed as the Debtor(s) have enjoyed the benefit of the automatic stay to the detriment of Secured Creditor. Absent such language in the Order of Confirmation, confirmation of Debtor(s) Plan must be denied.

3. For the reasons stated above, and for any others that the Court deems fit to adopt, Secured Creditor respectfully objects to Debtor(s) Plan and confirmation thereof.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are wilfully false, I am subject to punishment.

DATED: November 8, 2013      **FEIN, SUCH, KAHN & SHEPARD, PC.**
                              Attorneys for the Secured Creditor,
                              **BAYVIEW LOAN SERVICING as servicer for BANK OF NEW YORK MELLON**

                              By: /S/ NICHOLAS V. ROGERS, ESQ.